UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

- - - - - - - - - - - - - - X
UNITED STATES OF AMERICA      :     DOCKET NO. CR 92-234
                              :
        VS.                   :     COURTROOM NO. 3
                              :     WASHINGTON, D.C
RILEY WALLS,                  :
KAREN BLAKNEY,                :     DECEMBER 3, 1992
JEROME JACKSON, AND           :     9:35 A.M.
CHARLES CAMPBELL,             :
                              :
          DEFENDANTS.         :
- - - - - - - - - - - - - - X

FILED

JUL - 2 1993

CLERK U.S. DISTRICT COURT
DISTRICT OF COLUMBIA

TRANSCRIPT OF TRIAL
BEFORE THE HONORABLE LOUIS F. OBERDORFER,
UNITED STATES DISTRICT JUDGE, AND A JURY

COURT REPORTER:            HARRY DEUTSCH
                           OFFICIAL COURT REPORTER
                           6806 U.S. COURTHOUSE
                           WASHINGTON, D.C.  20001
                           (202) 273-0881

(COMPUTER-AIDED TRANSCRIPTION FROM STENOTYPE NOTES.)

130

2

APPEARANCES:

FOR THE GOVERNMENT:                JOHN G. HORAN, ESQUIRE
                                   555 4TH STREET, N.W.
                                   WASHINGTON, D.C. 20001
                                   (202) 514-7736


FOR DEFENDANT WALLS:               RICHARD STERN, ESQUIRE
                                   419 SEVENTH STREET, N.W.
                                   SUITE 201
                                   WASHINGTON, D.C. 20004
                                   (202) 393-2261


FOR DEFENDANT BLAKNEY:             ABBE JOLLES, ESQUIRE
                                   717 D STREET, N.W.
                                   SUITE 300
                                   WASHINGTON, D.C. 20004
                                   (202) 783-2424


FOR DEFENDANT JACKSON:             GRANDISON E. HILL, ESQUIRE
                                   1804 ELEVENTH STREET, N.W.
                                   WASHINGTON, D.C. 20001
                                   (202) 483-8060


FOR DEFENDANT CAMPBELL:            CHARLES KUBINSKI, ESQUIRE
                                   2613 P STREET, N.W.
                                   WASHINGTON, D.C. 20007
                                   (202) 338-4200

3

# T A B L E   O F   C O N T E N T S

PAGE

IN RE FORFEITURE                                                          4

DISMISSING FORFEITURE COUNTS AS TO DEFTS. BLAKNEY
    AND CAMPBELL                                       6

IN RE JUROR NO. 16                                                       6

VERDICT ON COUNT 8, PART 2 (JEROME JACKSON)                            10

DISMISSING JURY                                                         11

VOIR DIRE OF JUROR NO. 16                                               12

SCHEDULING                                                              13

MOTION OF MR. HILL TO DISMISS FORFEITURE COUNT                         16

4

<u>P R O C E E D I N G S</u>

THE DEPUTY CLERK:  UNITED STATES VS. RILEY WALLS,

KAREN BLAKNEY, JEROME JACKSON, AND CHARLES CAMPBELL, CIVIL

ACTION 92-234.  MR. HORAN FOR THE UNITED STATES; MR. STERN, MS.

JOLLES, MR. HILL AND MR. KUBINSKI FOR THE DEFENDANTS.

THE COURT:  ARE YOUR COLLEAGUES HERE?

MR. KUBINSKI:  I THINK MS. JOLLES IS HERE.

THE DEPUTY CLERK:  MR. STERN IS HERE, I KNOW.

MS. JOLLES:  MR. STERN IS HERE.

THE COURT:  WHAT ABOUT HILL?

THE DEPUTY CLERK:  I HAVE NOT SEEN HIM.

MR. KUBINSKI:  I HAVEN'T SEEN MR. HILL THIS MORNING.

THE COURT:  WHAT I WANT TO TALK ABOUT AT THE MOMENT

PERTAINS MOSTLY TO MS. BLAKNEY AND TO MR. CAMPBELL.

MS. JOLLES:  I'M SORRY, I DIDN'T --

THE COURT:  I SAID WHAT I WANT TO TALK ABOUT RELATES

TO YOUR CLIENT AND MR. KUBINSKI'S CLIENT AND TO THE GOVERNMENT.

THE OTHER LAWYERS AREN'T HERE.  THEY'RE NOT INVOLVED IN WHAT I

WANT TO DEAL WITH.

MS. JOLLES:  ALL RIGHT.

THE COURT:  YOU CAN BE SEATED.

AS I SAID YESTERDAY, I HAVE HAD NO DIRECT EXPERIENCE

WITH THIS FORFEITURE THING, BUT I ALSO GOT THE IMPRESSION FROM

THE TRIAL SO FAR THAT WHATEVER ASSETS MR. WALLS MAY HAVE AND

WHATEVER ASSETS MR. JACKSON MAY HAVE...  AND MS. BLAKNEY AND

5

MR. CAMPBELL ARE WITHOUT ASSETS.

MS. JOLLES:  I THINK THAT'S HIGHLY CORRECT.

THE COURT:  AM I CORRECT IN THAT ASSUMPTION?

MR. KUBINSKI:  THAT'S CORRECT.

THE COURT:  AND I HAVE SOME COMPUNCTION ABOUT USING THE POWER OF THIS COURT TO GO THROUGH THE MOTIONS OF A FORFEITURE ON A PAUPER, AND I'LL ENTERTAIN A MOTION FROM -- CERTAINLY FROM MR. CAMPBELL AND MS. BLAKNEY FOR DISMISSAL OF THE FORFEITURE CLAIMS AGAINST THEM.

MR. KUBINSKI:  I WOULD SO MOVE, YOUR HONOR.  I WOULD DECLARE THAT MR. CAMPBELL IS, INDEED, A PAUPER.  I'M REPRESENTING HIM UNDER THE CRIMINAL JUSTICE ACT.

MS. JOLLES:  THE SAME ON BEHALF OF MS. BLAKNEY, AND THAT'S BEEN TRUE FOR SEVERAL YEARS.

THE COURT:  I'LL LET THE GOVERNMENT RESPOND.  THANK YOU.

MR. HORAN:  YOUR HONOR, I THINK ALL THE FORFEITURE PROVISION PERMITS THE GOVERNMENT -- ALL THE FORFEITURE COUNT PERMITS THE GOVERNMENT, IF THE JURY SO FINDS, IS THE OPPORTUNITY TO SEEK THESE ASSETS, IF THERE ARE ANY, FROM THE DEFENDANTS.  IF THEY DON'T HAVE THEM, OBVIOUSLY, THE GOVERNMENT CAN'T GET THEM.  AND IT ALSO PERMITS THE GOVERNMENT, I BELIEVE, IF AT ANY POINT IN THE FUTURE ASSETS ARE OBTAINED BY THESE INDIVIDUALS, TO HAVE THE ASSETS.

THE COURT:  OKAY.

6

1          MR. HORAN:  I DON'T THINK UNDER THE FORFEITURE

2    STATUTE -- I WOULD ARGUE TO THE COURT, I DON'T THINK THE FACT

3    THAT PRESENT ABILITY AS IT'S REFLECTED AT LEAST IN THE TRIAL IS

4    SUFFICIENT TO PERMIT DISMISSAL OF THE COUNT.

5          THE COURT:  THE UNITED STATES MARSHAL SERVICE HAS GOT

6    SOMETHING BETTER TO DO THAN TRY TO SQUEEZE FORFEITURE OUT OF

7    THESE TWO DEFENDANTS, WHO OBVIOUSLY DON'T NEED A FORFEITURE,

8    THEY NEED TREATMENT.  I'M GOING TO GRANT THE MOTIONS.

9          MS. JOLLES:  YOUR HONOR, I HAVE A MATTER THAT I GUESS

10   I'D LIKE TO PRESENT TO THE COURT AT THE BENCH, JUST VERY

11   BRIEFLY.

12         THE COURT:  SURE.  DOES IT INVOLVE ANY OF THE OTHER

13   DEFENDANTS?

14         MS. JOLLES:  IT MAY.

15         THE COURT:  THEN MAYBE WE BETTER NOT DEAL WITH IT

16   UNTIL THEY'RE REPRESENTED.

17         MS. JOLLES:  I WAS JUST NOTIFIED OF IT THIS MORNING

18   AND I WANTED TO NOTIFY THE COURT.

19         THE COURT:  BRING IT UP AND I'LL HOLD IT IN ABEYANCE.

20      (AT THE BENCH:)

21         MS. JOLLES:  MY CLIENT INFORMS ME THIS MORNING THAT

22   JUROR NO. 16 MAY KNOW HER AND HER FAMILY.

23         THE COURT:  JUROR NO. 16?

24         MS. JOLLES:  NO. 16, THAT'S CORRECT, WOULD BE THE

25   WOMAN THAT WAS DRESSED IN WHITE YESTERDAY, AND THAT --

7

1          THE COURT:  IT'S A LITTLE LATE.

2          MS. JOLLES:  I KNOW THAT, YOUR HONOR, I'M INFORMING

3    THE COURT.  LET ME JUST FINISH.

4          THE COURT:  SURE.

5          MS. JOLLES:  THAT THEY LIVE TOGETHER AT VALLEY GREEN,

6    AND THAT SHE HAD HAD SEVERAL ARGUMENTS WITH HER MOTHER DURING

7    THAT TIME, AND APPARENTLY KNEW THE FAMILY.

8          THE COURT:  ALL RIGHT, THANK YOU.

9          MS. JOLLES:  OKAY.

10     (IN OPEN COURT:)

11         THE COURT:  THIS MATTER IS CONTINUED.  IF YOU ALL

12   AGAIN -- COUNSEL COULD AGAIN BE AVAILABLE ON SHORT NOTICE.

13         MS. JOLLES:  I THINK WE'LL STAY RIGHT AROUND HERE,

14   YOUR HONOR.

15         THE COURT:  WHATEVER YOU DO.

16         MR. KUBINSKI:  I'LL BE DOWNSTAIRS AND I'LL BE IN THE

17   LAWYER'S LOUNGE.

18         THE COURT:  MR. STERN, YOU KEEP MR. KELLER INFORMED OF

19   WHERE YOU CAN BE LOCATED.

20         MR. STERN:  VERY WELL.  YOUR HONOR, WITH RESPECT TO

21   THE FORFEITURE, MY CLIENT HAS A MOTION --

22         THE COURT:  I JUST RULED ON MOTIONS SUBMITTED BY TWO

23   OF THE DEFENDANTS.  I GRANTED THEM, DISMISSING THE FORFEITURE

24   COUNTS AGAINST MS. BLAKNEY AND MR. CAMPBELL.

25         MR. STERN:  I'D MAKE THE SAME MOTION, YOUR HONOR.

8

1           THE COURT:  WELL, YOURS IS DENIED.

2           MR. STERN:  VERY WELL.  YOUR HONOR, ACTUALLY, WE --

3           THE COURT:  I BEG YOUR PARDON?

4           MS. STERN:  MY CLIENT IS -- SINCE THE COURT HAS DENIED

5  OUR MOTION, WE'RE WILLING TO GO NON-JURY ON THE FORFEITURE

6  COUNT.

7           THE COURT:  FAIR ENOUGH.  DOES THE GOVERNMENT WAIVE A

8  JURY TRIAL ON THE FORFEITURE COUNT AGAINST MR. WALLS?  YOU WANT

9  TO THINK ABOUT THAT?

10          MR. HORAN:  I'D WANT TO THINK ABOUT IT.

11          THE COURT:  TALK TO YOUR FOLKS.

12          MR. HORAN:  THANK YOU, YOUR HONOR.

13          THE COURT:  YOU'RE EXCUSED.

14          MS. JOLLES:  THANK YOU, YOUR HONOR.

15     (9:42 RECESS 11:00)

16          THE DEPUTY CLERK:  THE UNITED STATES VS. RILEY WALLS,

17  KAREN BLAKNEY, JEROME JACKSON, CHARLES CAMPBELL, CRIMINAL CASE

18  92-234.

19          THE COURT:  I HAVE A NOTE FROM THE JURY THAT THEY'VE

20  RETURNED A VERDICT ON COUNT 8, PART II.  ARE ALL COUNSEL HERE

21  NOW?

22          MS. JOLLES:  MR. KUBINSKI IS RIGHT OUTSIDE THE DOOR.

23          THE COURT:  AND MR. HILL -- OH, THERE ARE, YOU FADED

24  INTO THE CROWD.

25          MR. HILL:  I APOLOGIZE TO THE COURT FOR NOT BEING

1    HERE.

2        THE COURT:  AS FAR AS YOUR CLIENT IS CONCERNED, YOU

3    HEARD WHAT HAPPENED?

4        MR. HILL:  YES, I DID.

5        THE COURT:  YOU DON'T NEED ANY FURTHER EXPLANATION?

6        MR. HILL:  NO, AND I WOULD JOIN IN THE REQUEST TO HAVE

7    A NON-JURY DETERMINATION ON FORFEITURE.

8        THE COURT:  HAVE YOU DISCUSSED THIS WITH YOUR

9    COLLEAGUES?

10        MS. JOLLES:  I HAVE INFORMED ALL MY COLLEAGUES AS TO

11    WHAT HAPPENED, YES, AND I THINK, UPON INFORMING MR. HILL --

12        THE COURT:  COME ON TO THE MIKE, SO I CAN HEAR YOU.

13    THANKS.

14        MS. JOLLES:  UPON INFORMING MR. HILL, HE SUGGESTED --

15    AND I HAD NEGLECTED TO SUGGEST THIS AT THE BENCH, BUT WOULD THE

16    COURT BE WILLING TO VOIR DIRE THAT JUROR SEPARATELY?

17        THE COURT:  AFTER THE VERDICT.

18        MS. JOLLES:  YES, SO DON'T EXCUSE THEM.

19        THE COURT:  SURE.

20        MS. JOLLES:  THANK YOU, YOUR HONOR.

21        THE COURT:  THAT'S JUROR NO. 16?

22        MS. JOLLES:  SIXTEEN.

23        MS. JOLLES:  YES.

24        THE COURT:  BRING BACK THE JURY.

25        (JURY IN 11:02)

10

1          THE DEPUTY CLERK:  WOULD THE FOREMAN PLEASE STAND.

2   SIR, HAS THE JURY ARRIVED AT A FURTHER VERDICT?

3          THE FOREPERSON:  WE HAVE, SIR.

4          THE COURT:  WOULD YOU PLEASE GIVE IT TO THE DEPUTY

5   MARSHAL.  JUST READ THE ONE COUNT.

6          THE DEPUTY CLERK:  ON COUNT 8, AS TO JEROME JACKSON,

7   THE JURY FINDS THE DEFENDANT GUILTY.

8          THE COURT:  DOES THE DEFENDANT WISH THE JURY POLLED

9   AGAIN?

10          MR. HILL:  YES, SIR, AN INDIVIDUAL POLLING OF THE

11   JURORS, PLEASE.

12          THE COURT:  PLEASE.

13          THE DEPUTY CLERK:  MEMBERS OF THE JURY, AS I CALL YOUR

14   JUROR SEAT NUMBERS, PLEASE ANSWER YES IF YOUR VERDICT IS THE

15   SAME AS ANNOUNCED, NO IF IT IS NOT.  NO. 2?

16          JUROR NO. 2:  YES.

17          THE DEPUTY CLERK:  THREE?

18          JUROR NO. 3:  YES.

19          THE DEPUTY CLERK:  FOUR?

20          JUROR NO. 4:  YES.

21          THE DEPUTY CLERK:  FIVE?

22          JUROR NO. 5:  YES.

23          THE DEPUTY CLERK:  SIX?

24          JUROR NO. 6:  YES.

25          THE DEPUTY CLERK:  SEVEN?

11

1          JUROR NO. 7:  YES.

2          THE DEPUTY CLERK:  TEN?

3          JUROR NO. 10:  YES.

4          THE DEPUTY CLERK:  ELEVEN?

5          JUROR NO. 11:  YES.

6          THE DEPUTY CLERK:  THIRTEEN?

7          JUROR NO. 13:  YES.

8          THE DEPUTY CLERK:  FOURTEEN?

9          JUROR NO. 14:  YES.

10          THE DEPUTY CLERK:  FIFTEEN?

11          JUROR NO. 15:  YES.

12          THE DEPUTY CLERK:  SIXTEEN?

13          JUROR NO. 16:  YES.

14          THE DEPUTY CLERK:  YOUR HONOR, THE JURY HAS BEEN

15   POLLED.

16          THE COURT:  LADIES AND GENTLEMEN, AGAIN, I WANT TO

17   THANK YOU VERY MUCH FOR YOUR PATIENCE AND CAREFUL ATTENTION TO

18   THIS MATTER.  I DIDN'T SEE ANYBODY'S ATTENTION WANDERING DURING

19   THE WHOLE THING, AND IT WAS LONG AND THE TAPES WERE HARD TO

20   HEAR SOMETIME, AND YOU WERE OBVIOUSLY FOCUSING VERY CAREFULLY.

21          WHEN YOU SIT IN A JURY OF THIS KIND, YOU PERFORM ONE

22   OF THE HIGHEST DUTIES OF A CITIZEN, AND NO MATTER HOW YOU CAME

23   OUT, YOU'VE OBVIOUSLY ACTED CONSCIENTIOUSLY AND TO THE BEST OF

24   YOUR ABILITY, AND I APPRECIATE IT.

25          AND I SPEAK FOR MY COLLEAGUES WHEN I TELL YOU THAT WE

12

1    ALL APPRECIATE THE SERVICE THE JURORS RENDER IN THIS

2    JURISDICTION.  A JURY TRIAL IS ONE OF THE BULWARKS OF OUR

3    LIBERTY.  NOBODY GOES TO THE PENITENTIARY IN THE UNITED STATES

4    UNTIL THE GOVERNMENT HAS PROVEN TO A GATHERING OF TWELVE

5    STRANGERS BEYOND A REASONABLE DOUBT THAT THE DEFENDANT IS

6    GUILTY.  AND I'M IMPRESSED WITH THE CARE AND ATTENTION THAT YOU

7    PAID TO THIS, AND AS I SAY, I APPRECIATE IT.

8            I WOULD ASK YOU TO WAIT A FEW MOMENTS IN THE JURYROOM,

9    IF YOU WILL, AND I WOULD LIKE TO SEE JUROR NO. 16.  I WOULD

10   EXCUSE THE JURY MOMENTARILY.

11           WILL THE MARSHAL EXCUSE THE DEFENDANTS, PLEASE.  (JURY

12   AND DEFENDANTS OUT.)

13           THE COURT:  MA'AM, DID YOU RECOGNIZE ANY OF THE

14   DEFENDANTS?

15           JUROR NO. 16:   NO.

16           THE COURT:  DO YOU WISH TO INQUIRE, MS. JOLLES.

17           MS. JOLLES:  JUST...  DID YOU EVER LIVE AT THE VALLEY

18   GREEN HOUSING COMPLEX?

19           JUROR NO. 16:  WHERE?

20           MS. JOLLES:  VALLEY GREEN IN WASHINGTON, D.C.,

21   SOUTHEAST?

22           JUROR NO. 16:  NO.

23           MS. JOLLES:  OKAY, THAT'S ALL I HAVE.

24           THE COURT:  THANK YOU.  THE QUESTION WAS RAISED AS TO

25   WHETHER ONE OF THEM RECOGNIZED YOU.

13

1          JUROR NO. 16:  NO.

2          THE COURT:  MARSHAL, WILL YOU EXCUSE THE BALANCE OF

3     THE JURORS NOW.  THANK YOU VERY MUCH, MA'AM.

4          BRING BACK THE DEFENDANTS.

5       (DEFENDANTS BACK.)

6          THE COURT:  BY THE WAY, I FIND THAT JUROR NO. 16 DID

7     NOT HAVE ANY CONTACT WITH THAT DEFENDANT.

8          MS. JOLLES:  I'M SORRY, YOUR HONOR?

9          THE COURT:  I SAY I FIND THAT JUROR NO. 16 NEVER HAD

10    ANY CONTACT WITH ANY DEFENDANT, AND DID NOT LIVE AT THE

11    RESIDENCE ABOUT WHICH INQUIRY WAS MADE.

12          MS. JOLLES:  THANK YOU, YOUR HONOR.

13          THE COURT:  WE HAVE TO SET A SENTENCING DATE, LADIES

14    AND GENTLEMEN, A PRESENTENCE HEARING DATE, AND A SENTENCING

15    DATE.  I'LL GIVE IT TO YOU IN JUST A SECOND.

16          MR. HORAN:  THERE'S ALSO THE DETERMINATION BY THE

17    COURT ON THE FORFEITURE COUNT.

18          THE COURT:  I'M GOING TO SET THE SENTENCING DATE, AND

19    EXCUSE THE DEFENDANTS WHO AREN'T INVOLVED IN THE FORFEITURE.

20          IS FEBRUARY 9TH AT 9:30 FOR A PRESENTENCE HEARING AND

21    FEBRUARY 18TH FOR SENTENCING CONVENIENT TO COUNSEL?

22          MS. JOLLES:  YOUR HONOR, THOSE ARE GOOD DATES, BUT --

23          MR. STERN:  OKAY WITH ME.

24          MS. JOLLES:  -- I THINK I'D LIKE TO HAVE A LITTLE

25    LONGER, IF THE COURT WOULDN'T MIND.

14

1          THE COURT:  FOR WHAT?

2          MS. JOLLES:  I'D LIKE TO DO IT IN MARCH.  WOULD THAT

3    BE POSSIBLE?

4          THE COURT:  WHY?  DO YOU HAVE SOME PERSONAL REASON?

5          MS. JOLLES:  NO, I DON'T HAVE ANY PERSONAL REASON.

6    I'D LIKE THE TIME TO LOOK AT --

7          THE COURT:  WHY DON'T WE SET THE REST OF THE

8    SENTENCINGS ON THAT DATE, AND HAVE A SEPARATE TIME FOR MS.

9    BLAKNEY?

10         MS. JOLLES:  THAT'S FINE.

11         THE COURT:  ARE THOSE DATES CONVENIENT FOR THE REST OF

12   YOU?

13         MR. STERN:  THEY ARE FOR ME.

14         THE COURT:  THE 9TH FOR THE PRESENTENCE HEARING AND

15   THE 18TH FOR THE SENTENCING.

16         MR. HILL:  I'M SCHEDULED TO START A TRIAL IN SUPERIOR

17   COURT ON THE 9TH.  I ASSUME THAT WE'LL DO IT AT 9:30 HERE?

18         THE COURT:  WE CAN DO IT AT 9:00, IF YOU WANT.

19         MR. HILL:  LET'S DO IT AT 9:30, AND I'LL ASK THE JUDGE

20   TO PASS MY CASE OVER THERE.

21         THE COURT:  IS THAT CONVENIENT FOR THE REST OF YOU?

22         MR. STERN:  YES.

23         MR. HILL:  WHAT WAS THE SECOND DATE?

24         THE COURT:  THE 18TH.

25         MR. HILL:  THAT'S GOOD.

15

1          THE COURT:  VERY WELL.

2          MR. HORAN:  IT'S FINE FOR THE GOVERNMENT, YOUR HONOR.

3          THE COURT:  MS. BLAKNEY AND MR. CAMPBELL ARE EXCUSED

4   NOW.

5          MS. JOLLES:  DID WE WANT TO SET A SENTENCING DATE FOR

6   MS. BLAKNEY?

7          THE COURT:  EXCUSE ME.  WHAT -- YOU WANT MARCH?

8          MS. JOLLES:  IF THE COURT WOULDN'T MIND, THE 9TH --

9   WHAT DOES THE COURT PLAN TO DO AT THE PRESENTENCING HEARING?

10         THE COURT:  I DON'T KNOW, IT DEPENDS ON WHAT THE

11  PRESENTENCE REPORT SAYS.  I HOPE THAT YOU WILL HAVE A LOT OF

12  INFORMATION.

13         MS. JOLLES:  ALL RIGHT.  IS THAT WHAT WE'RE GOING TO

14  DO ON THAT DAY?  SO THAT'S LEGAL ARGUMENTS THEN.  I'LL TAKE --

15  THE 10TH OF MARCH WOULD BE GOOD, IF I COULD, AND --

16         THE COURT:  THE 10TH?

17         MS. JOLLES:  THE 10TH, IF THAT'S AVAILABLE.

18         THE COURT:  IS THAT CONVENIENT FOR US?

19         THE DEPUTY CLERK:  FOR WHAT, THE PRESENTENCE OR

20  HEARING?

21         THE COURT:  PRESENTENCE HEARING ON THE 10TH, AND THE

22  17TH FOR THE SENTENCING?

23         MS. JOLLES:  THAT'S SAINT PATRICK'S DAY, THAT'S A GOOD

24  DAY.

25         THE COURT:  ANYTHING ELSE, MS. JOLLES?

1         MS. JOLLES:  THAT'S IT, YOUR HONOR, THANK YOU VERY

2  MUCH.

3         THE COURT:  I'LL EXCUSE MS. BLAKNEY NOW.  MR.  HILL.

4         MR. HILL:  YES, YOUR HONOR, I'D LIKE TO BE HEARD ON MY

5  MOTION FOR DISMISSAL OF THAT FORFEITURE COUNT AS TO MR. JEROME

6  JACKSON.

7         THE COURT:  GO AHEAD.

8         MR. HILL:  MR. JACKSON, AS THE JURY HAS FOUND, IS

9  CHARACTERIZED AS A SUPPLIER IN THIS SCHEME.  AT THE TIME OF HIS

10  ARREST, HE ONLY HAD ONE AUTOMOBILE AND WAS SHARING AN APARTMENT

11  WITH THE MOTHER OF HIS CHILDREN, AND THE AUTOMOBILE WAS SEIZED,

12  HE HAD NO BANK ACCOUNTS OR ANYTHING LIKE THAT.

13         I HAVE KNOWN MR. JACKSON ALL OF HIS LIFE, LITERALLY

14  ALL OF HIS LIFE -- I REMEMBER WHEN HIS MOTHER BROUGHT HIM HOME

15  FROM THE HOSPITAL -- AND I DO KNOW THAT THERE ARE JUST NO

16  FINANCIAL RESOURCES OUT THERE.

17         I THINK MR. JACKSON CAN BEST BE CHARACTERIZED -- HIS

18  LIFESTYLE CAN BEST BE CHARACTERIZED AS, YOU KNOW, DAY TO DAY

19  AND TRYING TO KEEP THINGS, YOU KNOW, JUST GOING AS FAR AS HIS

20  OWN HOME IS CONCERNED, SO I'D ASK THE COURT TO DISMISS THAT

21  COUNT AS TO HIM.

22         THE COURT:  DO YOU WISH TO RESPOND, MR. HORAN?

23         MR. HORAN:  THE SAME RESPONSE, YOUR HONOR.  I AT THIS

24  TIME AM NOT PREPARED TO, BECAUSE I DON'T THINK THE LAW REQUIRES

25  ME TO GO INTO THE ASSETS AVAILABLE TO THE DEFENDANTS.  I THINK

17

1    THE DETERMINATION HERE UNDER THE FORFEITURE STATUTE IS THAT

2    THEY'VE BEEN FOUND GUILTY OF THE UNDERLYING COUNTS, THIS AMOUNT

3    OF MONEY OBVIOUSLY WENT TO THEM, AND THE GOVERNMENT JUST WANTS

4    THE OPPORTUNITY TO GET THAT MONEY BACK, AND I BELIEVE WE SHOULD

5    HAVE THAT OPPORTUNITY.

6            THE COURT:  DO YOU HAVE ANY INDICATION FROM ANYTHING

7    IN THE RECORD THAT ANY OF THE PROCEEDS OF THE SALE WENT BACK TO

8    MR. JACKSON?

9            MR. HORAN:  WE HAVE -- WE DON'T HAVE ANY DIRECT

10   EVIDENCE OF THAT.

11           THE COURT:  DO YOU HAVE ANY INDIRECT EVIDENCE,

12   ANYTHING YOU COULD DRAW AN INFERENCE FROM?

13           MR. HORAN:  I'M NOT SURE, FRANKLY, YOUR HONOR.  BASED

14   ON -- THE EVIDENCE AS PRESENTED IN COURT IS BASED ON -- IS THE

15   EYEWITNESS TESTIMONY.  WHETHER THERE'S SOME EVIDENCE IN

16   ADDITION TO THAT, I'M JUST NOT SURE AT THIS POINT.

17           THE COURT:  WOULD IT BE APPROPRIATE TO CONTINUE THIS

18   HEARING TO ANOTHER DAY AND LET YOU GET YOUR ACT TOGETHER?  I

19   MEAN, I HATE TO GO THROUGH AN EMPTY GESTURE.  THIS IS THE

20   UNITED STATES DISTRICT COURT, AND YOU DON'T -- YOU KNOW, YOU

21   DON'T USE A NUCLEAR BOMB ON A FIST FIGHT.

22           MR. HORAN:  I UNDERSTAND THE COURT'S ADVICE.  I

23   UNDERSTOOD IT WITH REGARD TO THE OTHER TWO DEFENDANTS AS WELL.

24           THE COURT:  IF I GAVE YOU AN EXTENSION OF TIME ON

25   THIS, WOULD YOU HAVE MORE INFORMATION?

18

1       MR. HORAN:  I CERTAINLY COULD SEEK TO OBTAIN MORE

2    INFORMATION, YOUR HONOR.  MY POSITION, THOUGH --

3       THE COURT:  DOES COUNSEL HAVE AN OBJECTION TO

4    CONTINUING THESE HEARINGS?

5       MR. STERN:  NO.

6       MR. HILL:  YOUR HONOR, MY -- I DO HAVE AN OBJECTION TO

7    IT, BECAUSE THE GOVERNMENT -- YOU KNOW, THEY ANNOUNCED READY.

8       THE COURT:  WELL, I KNOW, BUT THAT -- YOU KNOW, THIS

9    IS -- THIS IS A COURT OF EQUITY.  WE DON'T PLAY BY THAT KIND OF

10   TIGHT RULE.  IF THEY'VE GOT SOME INFORMATION AND CAN'T COME UP

11   TODAY WITH IT, THIS GENTLEMAN HAS BEEN BUSY FENDING OFF FOUR

12   VERY ZEALOUS AND ABLE LAWYERS, AND I DON'T -- I'M NOT GOING TO

13   HOLD HIM TO THAT STANDARD AT THIS POINT.

14      MR. HORAN:  JUST SO I CAN RESPOND AS WELL, YOUR HONOR,

15   MY POSITION IS THAT THE LAW DOESN'T REQUIRE THAT AT THIS POINT.

16      THE COURT:  I UNDERSTAND THAT, BUT I DO.

17      MR. HORAN:  I UNDERSTAND THAT AS WELL, YOUR HONOR.

18      THE COURT:  NOW, HOW MUCH TIME WOULD YOU LIKE TO HAVE,

19   MR. HORAN?

20      MR. HORAN:  I WOULD ASK A MONTH, YOUR HONOR.

21      THE COURT:  HOW MUCH?

22      MR. HORAN:  A MONTH.

23      THE COURT:  IS THAT SUITABLE TO YOU ALL?

24      MR. HILL:  THAT'S FINE.

25      THE COURT:  VERY WELL, A MONTH FROM TODAY IS INTO

1    JANUARY.  THAT'LL BE --

2         MR. HILL:  HOW ABOUT JANUARY 4TH?  THAT'S THE FIRST

3    DAY BACK.

4         THE COURT:  WELL, THAT'S TOO -- WELL, THE 4TH IS ALL

5    RIGHT.  LET'S MAKE IT AT 2:00 O'CLOCK ON THE 4TH.  IS THAT

6    CONVENIENT TO EVERYBODY?

7         MR. HORAN:  YES, YOUR HONOR.

8         THE COURT:  VERY WELL.  MR. STERN.

9         MR. STERN:  YOUR HONOR, I MADE A RATHER QUICK MOTION

10   THIS MORNING, AND I DIDN'T STATE ANY FACTS.  I'LL BE VERY

11   BRIEF.

12        THE COURT:  I'LL VACATE MY ORDER DENYING YOUR MOTION

13   AND ALLOW YOU TO RENEW IT ON THE 4TH.

14        MR. STERN:  VERY WELL.

15        THE COURT:  IS THAT IT?

16        THE DEPUTY CLERK:  THAT'S IT, JUDGE.

17        THE COURT:  THANK YOU.

18        MR. HORAN:  THANK YOU, YOUR HONOR.

19      (PROCEEDINGS RECESSED 11:17)

20                          -O0O-

21

22

23

24

25

20

# CERTIFICATE OF REPORTER

I HEREBY CERTIFY THAT THE FOREGOING IS THE OFFICIAL

TRANSCRIPT OF PROCEEDINGS IN THE HEREINBEFORE-CAPTIONED MATTER,

AND THAT IT IS COMPLETE AND ACCURATE TO THE BEST OF MY

KNOWLEDGE AND ABILITY.


HARRY DEUTSCH
OFFICIAL COURT REPORTER